### HELLER *v.* DE LEON.

(*City Court of New York, General Term.*  October 3, 1889.)

SUPPLEMENTARY PROCEEDINGS—ARREST OF NON-RESIDENT DEBTOR—AFFIDAVIT.

An affidavit in accordance with Code Civil Proc. N. Y. § 2437, providing for the arrest of a judgment debtor on affidavit that he "will leave the state, or conceal himself, and that there is reason to believe that he has property which he unjustly refuses to apply to the payment of the judgment," furnishes no legal ground for an arrest, where the debtor's home is in another state, and the proof fails to show what property he had, or that he had any.

Appeal from special term.

Code Civil Proc. N. Y. § 2437, cited in the opinion, provides for the arrest of judgment debtors upon proof and affidavit. The affidavit, it is declared, must recite "that the judgment debtor will leave the state, or conceal himself, and that there is reason to believe that he has property which he unjustly refuses to apply to the payment of the judgment."

*Lewis Johnston,* for appellant.  *A. L. Sanger,* for respondent.

Argued before McADAM, C. J., and NEHRBAS and McGOWN, JJ.

PER CURIAM. The resettlement was made on the application of the appellants. If they were dissatisfied with the decision made, they ought to have had it reviewed upon appeal from the original order. The order last made is more favorable to the appellants than the former one; and to reverse the latter is, in effect, to reinstate the former. We doubt the right of the appellants to review the propriety of the original order upon this appeal. But we have examined the matter upon the merits, and in this respect deem the order as resettled to be correct. The defendant, who is a resident of Georgia, was temporarily in this city, and, being about to return to his home, was arrested because one of the plaintiffs made affidavit "that there was, in his opinion, danger that the defendant will leave the state of New York, and that there is reason to believe that he has property which he unjustly refuses to apply to the payment of the judgment" herein. The defendant had the right to return to his home in Georgia; and the fact that the affiant had reason to believe that he had property which he unjustly refused to apply to the judgment furnished no legal ground for an arrest, even under section 2437 of the Code. It was not the case of an absconding debtor, nor did the proof show what property the debtor had, or, indeed, that he had any  The justice had jurisdiction, but the process was, for the reason stated, "voidable," and was properly set aside on motion made for the purpose. It follows that the order appealed from must be affirmed, with costs.